UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM BELARDO,

        Plaintiff,

  v.                  9:22-CV-0032
                        (DNH/ATB)

ANTHONY ANNUCCI and N. WILSEY,

        Defendants.

---

APPEARANCES:

WILLIAM BELARDO
20-A-0272
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

  Pro se plaintiff William Belardo ("Belardo" or "plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 13 ("IFP Application").[1]

  By Decision and Order filed on May 10, 2022 (the "May Order"), this Court granted

---

[1] Plaintiff filed four IFP Applications. Plaintiff's first and second IFP applications were denied as incomplete. Dkt. Nos. 4 and 8. Plaintiff filed a third application on February 14, 2022 and a fourth on March 21, 2022. Dkt. Nos. 12 and 13. Plaintiff's fourth application was granted and the third application was denied as moot. *See* Dkt. No. 15.

plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.  *See* Dkt. No. 15.

On the basis of that review, Belardo's complaint was dismissed for failure to state a claim upon which relief could be granted.  Dkt. No. 15 at 8.  In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint.  *See id*.

Presently before the Court are the following submissions: (1) plaintiff's fifth IFP Application (Dkt. No. 24); (2) plaintiff's motion to reconsider/notice of appeal (Dkt. No. 22); (3) a submission entitled "amended complaint" (Dkt. No. 25); and (4) plaintiff's motion for counsel (Dkt. No. 23).

## II.  IFP APPLICATION

In the May Order, the Court granted plaintiff's IFP Application.  Dkt. No. 15.  Plaintiff's IFP status has not been revoked.  Therefore, plaintiff's IFP Application (Dkt. No. 24) is denied, as moot.

## III.  MOTION TO RECONSIDER/NOTICE OF APPEAL

On September 23, 2022, plaintiff file a submission is entitled "Notice of Appeal pursuant to Fed. R. App. Proc. 4(a)(1)(A) & (a)(3) in Opposition to Magistrate Judges Decision."  Dkt. No. 22 at 1.  Plaintiff seeks to "appeal" the decision entered "by the Magistrate Judge" on May 10, 2022.[2]  Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, plaintiff had thirty days from the date the May Order was entered to file a notice of appeal.  Thus, plaintiff's notice was due on June 10, 2022.  Assuming plaintiff intended this submission to be a Notice of Appeal, the submission, which was filed on

---

[2]  The May Order was issued by the undersigned, not a Magistrate Judge.

2

September 12, 2022, is untimely.

In the submission, plaintiff also asks the "Fed. Dist. Court to reconsider its dismissal of petitioner's complaint[.]" Dkt. No. 22 at 1. Affording plaintiff the special solicitude due a pro se litigant, the Court considers the submission to be a motion for reconsideration of the May Order.

Rule 52(b) provides that, upon a timely motion, findings may be amended and additional findings may be made, and the judgment may be altered accordingly. Rule 59(e) provides authority to alter or amend a judgment. Motions for reconsideration brought pursuant to these rules "can correct 'manifest errors of law or fact,' but cannot be used to 'relitigate old issues, to advance new theories, or to secure rehearing on the merits.' " *Sank v. City Univ. of New York*, No. 94 Civ. 0253, 2003 WL 21403682, at *2 (S.D.N.Y. June 19, 2003) (*quoting*, in a parenthetical, *United States v. Int'l Longshoremen's Ass'n*, 831 F.Supp. 167, 169 (S.D.N.Y.1993), *aff'd*, 112 Fed. App'x 761 (2d Cir.2004)), *aff'd*, 52 F.3d 1173 (2d Cir. 1995); *Cole v. United States*, No. 98 CV 7670, 2005 WL 3454322, at *2 (E.D.N.Y. Dec.7, 2005).

Motions for reconsideration are governed by Local Rule 60.1 which provides, in pertinent part, "party may file and serve a motion for reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree." N.D.N.Y.L.R. 60.1. In this case, the subject order was issued on May 10, 2022. Dkt. No. 15. Belardo submitted the within motion on September 12, 2022, well beyond the fourteen days prescribed by the Local Rule. Dkt. No. 38. Plaintiff has not provided any explanation for the delay in filing the within motion. Accordingly, the motion will be denied as untimely.

Even assuming that the motion was timely served, Belardo has not cited to any

3

caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error.  In sum, plaintiff has not made any showing that reconsideration of the Order is warranted.  *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and ... explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").

Moreover, Bellardo filed his motion to reconsider on September 12, 2022 and subsequently filed a submission entitled "amended complaint" (Dkt. No. 25) on September 25, 2022.  As will be discussed *infra*, the Court will accept the filing as an amended complaint.  Therefore, by filing an amended complaint, plaintiff replaced the original complaint.  Thus, plaintiff's motion to reconsider is denied as moot.  *See Meserole v. Sony Corp. of Am.*, 08 CV. 8987, 2009 WL 2001451, at *1 (S.D.N.Y. July 9, 2009) (reasoning that, if the Court were to grant the plaintiff's motion to reconsider after the filing of an amended complaint, that would result in two complaints pending in the same action); *see also Greenblatt v. Gluck,* 265 F.Supp.2d 346, 351 (S.D.N.Y. 2003) ("[e]ven if the motion were to be granted, [the plaintiff] has already filed a new complaint, such that the prior complaint could not in any case be reinstated.").

4

## IV. SUBMISSION ENTITLED "AMENDED COMPLAINT"[3]

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the May Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 15 at 2-4.  The Court will construe the allegations in Bellardo's amended complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

### B. Summary of Amended Complaint[4]

With the amended complaint, plaintiff provides additional factual allegations in support of his claims against the original defendants, Commissioner Anthony Annucci ("Annucci") and Officer N. Wilsey ("Wilsey"), related to incidents that alleged occurred at Marcy Correctional Facility.  *See generally* Am. Compl.

On December 6, 2021, Wilsey accused plaintiff of refusing to sign a cube inspection form for his living area.  Am. Compl. at 1, 2.  Wilsey escorted plaintiff to the television room

---

[3] The submission at Dkt. No. 25 is the same document filed at Dkt. No. 22, but includes the handwritten words "Amended Complaint" at the top of the submission.  While the document does not include a list of parties, it does include a caption, a cause of action, and request for relief.  Affording plaintiff the special solicitude due a pro se litigant, the Court has deemed the submission as an amended complaint.

[4] The original complaint included exhibits.  Dkt. No. 1-1.  Plaintiff did not attach the exhibits to the amended complaint.  "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that plaintiff intended to attach the exhibits to his amended complaint." *Wellington v. Langendorf*, No. 12-CV-1019 (FJS/DEP), 2013 WL 3753978, at *3 (N.D.N.Y. July 15, 2013).  To require plaintiff to file an amended complaint that includes the original exhibits is, "an unnecessary procedural hoop that would waste resources and delay resolution of this action."  *Alexander v. U.S.*,  No. 13-CV-678, 2013 WL 4014539, at *4 (N.D.Cal. Aug. 5, 2013).  Because plaintiff is a pro se plaintiff, the Court will consider the documentation attached to the original complaint as incorporated by reference in the amended complaint.

and once inside, Wilsey "manhandled" and assaulted plaintiff "with force." *Id*. The assault continued in the bathroom where Wilsey "pick[ed] [plaintiff] up and slam[med] [him] on one of the sinks causing the sink to break and [. . .] stabbing [him] on [the] upper back and shoulder." *Id*. at 4.

Bellardo was taken to the medical unit for treatment. Dkt. No. 1-1 at 11. The nurse noted a four inch laceration on Bellardo's shoulder with a puncture wound and right shoulder dislocation. *Id*. Plaintiff's wound was cleaned and covered with adhesive. *Id.*

Construing the amended complaint liberally, Bellardo claims that Annucci and Wilsey violated his Eighth Amendment rights. *See* Am. Compl. at 5. Plaintiff seeks monetary relief. *Id.* at 7.

### C. Analysis

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or

restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[t]he Supreme Court has emphasized that the nature of the force applied is the core judicial inquiry in excessive force cases—not whether a certain quantum of injury was sustained."). "To determine whether a defendant acted maliciously, several factors should be examined including, 'the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.' " *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano*, 998 F.2d at 105).

Bellardo claims Wilsey maliciously assaulted him. Bellardo has identified the time, location, amount of force used, and the injuries allegedly sustained as a result of the incident. Construing the amended complaint liberally and with due regard for plaintiff's status as a pro se litigant, the Court will require a response to plaintiff's Eighth Amendment excessive force claim against Wilsey. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

A different conclusion is reached however, with respect to Annucci. In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). A plaintiff must plead and prove "that each Government-official defendant, through

7

the official's own individual actions, has violated the Constitution." *Id*. (quoting *Iqbal*, 556 U.S. at 676).

Here, plaintiff attempts to impose liability upon Annucci claiming that he "is responsible for having supervision of N.Y.S. prisons." *See* Am. Compl. at 5. However, the amended complaint is devoid of allegations suggesting that Annucci was personally involved in any of the alleged events. Accordingly, plaintiff's § 1983 supervisory liability claim against Annucci is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## V. MOTION FOR COUNSEL

Plaintiff moves for counsel based upon his "account balance for the past 6 months." Dkt. No. 23.

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").[5] Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold

---

[5] Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept an appointment. "If no [one] agrees to represent the plaintiff, there is nothing more the Court can do." *Rashid v. McGraw*, No. 01CIV10996, 2002 WL 31427349, at *1 n.1 (S.D.N.Y. Oct. 29, 2002).

8

> requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM) 899 F.Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621).  The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."[6] *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

In this case at this preliminary stage, the Court is unable to determine whether plaintiff meets the threshold requirement that at least some aspects of his claim are "likely to be of substance." *Hodge*, 802 F.2d at 61.  Plaintiff has not submitted any evidence supporting his claims.  Even if the Court were to assume, for purposes of this motion, that plaintiff's position seems likely to be of substance, the relevant factors weigh decidedly against granting Plaintiff's motion at this time.  For example: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, plaintiff has been able to effectively litigate this action; and (3) if this case survives any dispositive motions filed by defendants, it

---

[6] The court is authorized only to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Mallard v. United States District Court*, 490 U.S. 296, 298 (1989).  Section 1915(e) does not, however, permit a federal court to require an unwilling attorney to represent an indigent litigant in a civil case.  *See Mallard*, 490 U.S. at 298, 309.

is highly probable that this Court will appoint trial counsel at the final pretrial conference.

The Court is not aware of any special reason why appointment of counsel in this case is warranted at this time and is mindful, as the Second Circuit has admonished that it must be, of the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (noting that "[v]olunteer lawyer time is a precious commodity."). As discussed *supra*, plaintiff provided an amended complaint with facts sufficient to survive this Court's sua sponte review. Thus, plaintiff's motion for the appointment of counsel is denied without prejudice. After he defendant has responded to the allegations in the amended complaint, and the parties have undertaken discovery, plaintiff may seek appointment of counsel and the Court may be better able to determine whether such appointment is warranted.

## VI. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's IFP Application (Dkt. No. 24) is **DENIED as moot**;

2. Plaintiff's Notice of Appeal/Motion to Reconsider (Dkt. No. 22) is **DENIED**;

3. The Amended Complaint (Dkt. No. 25) is accepted for filing;

4. Plaintiff's claims against Annucci are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

5. The Clerk of the Court is directed to terminate Annucci as a defendant herein;

6. Plaintiff's Eighth Amendment excessive force claim against Wilsey survives review and requires a response;

7. The Clerk shall issue a summons and forward it, along with copies of the amended complaint, to the United States Marshal for service upon the defendant. The Clerk shall forward a copy of the summons and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order;

8. A response to the complaint be filed by the defendant, or his counsel, as provided for in the Federal Rules of Civil Procedure;

9. All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

10. Plaintiff's motion for counsel (Dkt. No. 23) is **DENIED**;

11. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: October 31, 2022
       Utica, New York.

_United States District Judge_