UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM BELARDO,

                Plaintiff,

    v.                                        9:22-CV-32 (DNH/ATB)

N. WILSEY,

                Defendant.

---

WILLIAM BELARDO, Plaintiff, pro se
OLIVIA R. COX, Asst. Att'y General, for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by United States District Judge David N. Hurd, pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). Presently before the court is defendant Correctional Officer ("C.O.") Wilsey's motion for summary judgment, in lieu of an answer, pursuant to Fed. R. Civ. P. 56. (Dkt. No. 32). For the reasons set forth below, this court will recommend granting defendant's motion and dismissing the complaint in its entirety.

## I. Background

### A. Procedural History

In this civil rights action, plaintiff alleges a constitutional violation occurred while he was incarcerated at Marcy Correctional Facility ("Marcy C.F."), in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff filed the original complaint on January 18, 2022 and an

"amended complaint" on September 23, 2022. (Dkt. Nos. 1, 25). On October 31, 2022, Judge Hurd determined, pursuant to his initial review of the complaint, that only plaintiff's Eighth Amendment excessive force claim as asserted against defendant C.O. Wilsey could proceed. (Dkt. No. 27 at 6-7).

In lieu of an answer, C.O. Wilsey filed the instant summary judgment motion on December 2, 2022, on the basis that plaintiff purportedly failed to exhaust his administrative remedies. (Dkt Nos. 32, 32-9 at 3-8). Defense counsel served the motion, along with a notice of the consequences of failing to respond to the motion, on plaintiff at his address of record. (Dkt. Nos 32, 32-10). On December 5, 2022, the Clerk sent a notice to plaintiff regarding the December 23 deadline to respond to defendant's motion for summary judgment, which also explained the consequences of not responding to the motion. (Dkt. No. 34). To date, plaintiff has not responded to the defense motion, nor has he requested an extension of time to respond.[1]

### B.     Facts and Contentions

The complaint alleges that on December 6, 2021, plaintiff was "menacingly" threatened by C.O. Wilsey after plaintiff refused to fill out an inspection form. (Dkt. No. 25, Amended Complaint ("Am. Compl.") at 4). Plaintiff alleges he was assaulted by C.O. Wilsey after they had a verbal dispute. (*Id.*). He further alleges that C.O.

---

[1] The court's docket does not indicate that the Clerk's notice, or any other mail sent to plaintiff at his address of record at the Greene Correctional Facility has been returned. The DOCCS Prisoner Locator website – https://nysdoccslookup.doccs.ny.gov/ – indicates that plaintiff has been continuously incarcerated at that facility since January 24, 2020.

Wilsey picked him up and slammed him against the sink, causing the sink to break. (*Id.*). The broken pieces from the sink caused large lacerations on plaintiff's upper back and shoulder, which required "serious medical attention." (*Id.* at 1-4).

## II. Summary Judgment

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). Rule 56(b) provides that a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Thus, a party may move for summary judgment in lieu of an answer. *See, e.g.*, *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 202 (2d Cir. 2003); *Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010); *Riehl v. Martin*, No. 9:13-CV-439 (GLS/TWD), 2014 WL 1289601, at *1-2 (N.D.N.Y. Mar. 31, 2014).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272. "Only disputes over ['material'] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

While courts are required to give due deference to a plaintiff's pro se status, that status "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003). Generally, failure to respond to a motion for summary judgment results in summary judgment for the moving party, "once the court assures itself that Rule 56's other requirements have been met." *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009)); *see also* N.D.N.Y. Local Rule 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion[.]"). Additionally, where a party has failed to respond to the

4

movant's statement of material facts as required by Local Rule 7.1(a)(3), the facts in the movant's statement will be accepted as true (1) to the extent they are supported by evidence in the record, and (2) the non-movant, if proceeding pro se, has been specifically advised of the possible consequences of failing to respond to the motion.[2] *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

### III. Exhaustion of Administrative Remedies

#### A. Legal Standards

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004), (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002)), abrogated on other grounds by *Ross v. Blake*, 578 U.S. 632 (2016). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

In order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (citing *Woodford v. Ngo*, 548 U.S.

---

[2] As noted above, defense counsel and the court both specifically advised plaintiff of the consequences of failing to respond to the summary judgment motion. (Dkt. Nos. 32, 34).

81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *Woodford,* 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Incarcerated[3] Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d). The court also notes that the regulations governing the Incarcerated[4] Grievance Program ("IGP") encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility). There is also a special section for complaints of harassment. *Id*. § 701.8. Complaints of harassment are handled by an expedited procedure which provides that such grievances are forwarded directly to the Superintendent of the facility, after which the inmate must appeal any negative

---

[3] This committee was formerly known as the "Inmate Grievance Resolution Committee," but has recently been renamed.

[4] The program was formerly known as the "Inmate Grievance Program," but has recently been renamed.

determination to the CORC. *Id.* §§ 701.8(h) & (I), 701.5.

Prior to *Ross v. Blake, supra*, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The *Hemphill* inquiry asked (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

In *Ross*, the Supreme Court made it clear that courts may not excuse a prisoner's failure to exhaust because of "special circumstances." *Ross v. Blake*, 578 U.S. 632, 640 (2016). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, 578 U.S. at 639). Although *Ross* has eliminated the "special circumstances" exception, the other two factors in *Hemphill* – availability and estoppel – are still valid. The court in *Ross* referred to "availability" as a "textual exception" to mandatory exhaustion, and "estoppel" has become one of the three factors in determining availability. *Ross*, 578 U.S. at 642. Courts evaluating whether an inmate has exhausted his or her administrative remedies must also consider whether those remedies were "available" to the inmate. *Id.*; *see also Riles*, 2016 WL 4572321 at

*2.

## B.     Application

C.O. Wilsey moves for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies. In support of his motion, defendant relies on the declaration of Erin Pfendler, the Supervisor of the IGP at Marcy C.F. (Dkt. No. 32-4, Declaration of Erin Pfendler ("Pfendler Decl.")). According to Supervisor Pfendler, inmates at Marcy C.F., including plaintiff, attend an orientation program upon arrival to the facility, which includes a presentation about the grievance policies and procedures set forth in DOCCS Directive 4040. (*Id.* ¶¶ 5-6). Plaintiff attended and successfully completed such a program at Marcy C.F. in the fall of 2021. (*Id.* ¶ 6, Ex. A).

Plaintiff was transferred from Marcy C.F. to the Auburn Correctional Facility on December 6, 2021, and remained there until April 11, 2022. (Dkt. No. 32-2, Declaration of Cheryl Parmiter ("Parmiter Decl.") at ¶ 12). Cheryl Parmiter is the Supervisor of the IGP at Auburn Correctional Facility. (*Id.* at ¶ 1). Supervisor Parmiter states that on December 17, 2021, she received a grievance complaint from plaintiff concerning his alleged assault at Marcy C.F. on December 6, 2021. (*Id.* ¶ 16, Ex. B). On January 13, 2022, after review by the facility superintendent, plaintiff's grievance was denied. (*Id.*). Plaintiff did not appeal the superintendent's determination to CORC. (*Id.*).

Defendant has also submitted the declaration of Rachael Seguin, the Director of

the Incarcerated Grievance Program for DOCCS. (Dkt. No. 32-6, Declaration of Rachael Seguin ("Seguin Decl.")). Director Seguin is the custodian of the records maintained by CORC. (*Id.* ¶ 3). According to her records, plaintiff did not pursue a grievance appeal to CORC regarding the alleged assault by C.O. Wilsey on December 6, 2021. (*Id.* ¶¶ 12-13, Ex. A.). In fact, plaintiff appealed two facility level grievances to CORC while in DOCCS custody, as of the date of defendant's motion. (*Id.*). One was filed on May 11, 2021 for "Failure to Protect" and the other was filed on December 6, 2021 for "No General Library Services in SHU[.]" (*Id.*).

As the court previously noted, plaintiff failed to file any opposition to defendant's summary judgment motion. Moreover, plaintiff's verified complaint does not include any allegations relative to the exhaustion of his administrative remedies with respect to this claim. *See McAllister v. Call*, No. 9:10-CV-610 (FJS/CFH), 2014 WL 5475293, at *3 (N.D.N.Y. Oct. 29, 2014) (finding allegations in plaintiff's verified complaint sufficient to controvert facts in statement of material facts on motion for summary judgment). Accordingly, the court deems the facts contained in defendant's statement of material facts as having been admitted, given that they are supported by record citations. *See, e.g., Latouche v. Tompkins*, No. 9:09-CV-308 (NAM/RFT), 2011 WL 1103045, at *1 (N.D.N.Y. Mar. 23, 2011); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

The record before the court establishes that plaintiff failed to appeal any

9

grievance relative to the December 6, 2021 alleged assault, which forms the basis of his complaint, to CORC. Moreover, there is no evidence in the record showing that the grievance procedure was at anytime "unavailable" to plaintiff, as contemplated by the *Ross* court. Therefore, given the record, and even when considering the evidence in the light most favorable to plaintiff, the court finds defendant has carried his burden with respect to this issue. *Sanchezmartino v. Demmon*, No. 9:16-CV-0139 (GTS/DEP), 2017 WL 1098168, at *6 (N.D.N.Y. Feb. 23, 2017) (finding dismissal of a pre-answer motion for summary judgment was warranted where defendants provided evidence that plaintiff did not appeal the relevant grievance through to CORC, notwithstanding plaintiff's failure respond to the motion).

Dismissal with prejudice is appropriate where the plaintiff had the opportunity to exhaust administrative remedies, failed to do so, and is unable to cure his failure to exhaust. *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004). Here, plaintiff's time to appeal the relevant grievance to CORC in accordance with the rules and regulations has already passed, rendering his failure to exhaust his administrative remedies incurable at this time.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that Defendant's motion for summary judgment (Dkt. No. 32) be **GRANTED,** and the complaint be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 1, 2023

*[signature]*
Andrew T. Baxter
U.S. Magistrate Judge